UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

M.P., T.L. and G.L.,

        Plaintiffs,

  v.

MILWAUKEE PUBLIC SCHOOLS
and KASONGO KALUMBULA,

        Defendants.

Case No. 24-cv-357-pp

**ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER TO REDACT PLAINTIFFS' NAMES (DKT. NO. 2) AND GRANTING PLAINTIFFS' MOTION TO SEAL/RESTRICT (DKT. NO. 10)**

      Plaintiff G.L. is a minor, and plaintiffs M.P. and T.L. are his parents. On March 22, 2024, they filed a motion seeking to proceed anonymously, using only their initials. Dkt. No. 2. They observe that because G.L. is a minor, under Federal Rule of Civil Procedure 5.2(a), "he may only be referred to by his initials in this matter." Id. at 1 (citing Fed. R. Civ. P. 5.2(a)); see also E.A. v. Gardner, 929 F.3d 922, 926 (7th Cir. 2019) ("Minors are entitled to litigate anonymously[.]"). And they assert that if G.L.'s parents' "last names are revealed in public filings it will defeat the purpose of the redaction requirement of Fed. R. Civ. P. 5.2(a)." Id. "To keep the Court and Defendants fully apprised of the content of all pleadings," the plaintiffs explain that they "have filed a redacted version of the pleadings which is available to the public, and an unredacted version which is available only to the court and parties[.]" Id. at 1-

1

2. And "to ensure clarity for the court and parties while also protecting G.L.'s privacy," the plaintiffs ask the court to grant them a "protective order requiring all parties to file two copies of all pleadings and documents going forward in this case: one publicly available copy which redacts Plaintiff's names and identifies Plaintiffs' by their initials; and one copy available only to the Court and Parties which identifies Plaintiffs by name." Id. at 2.

A little over a month after the plaintiffs filed their complaint and motion for a protective order, lawyers from the Milwaukee City Attorney's office filed appearances on behalf of the defendants. Dkt. Nos. 7, 8. The following day—May 1, 2024—the plaintiffs filed a "Motion to Seal Record." Dkt. No. 10-1. The motion to seal is identical to the plaintiffs' prior motion for a protective order, except that in addition to asking the court to allow them to proceed anonymously, they ask that the court also "seal[ ] the record such that only the court and parties may view documents which identify the plaintiffs by name." Dkt. No. 10-1.

On May 17, 2024, the defendants responded to the motion to seal. Dkt. No. 14-1. The defendants agree that "because G.L. is a minor he should only be referred to by his initials rather than his full name." Id. at 2 (citing Fed. R. Civ. P. 5.2(a)(3)). But they oppose the plaintiffs' request to allow G.L.'s parents to proceed anonymously. They assert that while Rule 5.2(a)(3) requires that a minor's name be redacted in pleadings, "[t]he Seventh Circuit has never afforded a minor's parents the automatic, corollary right to proceed anonymously in litigation involving that minor." Id. at 2 (quoting Perry L. v.

2

Milwaukee Montessori Sch., Case No. 22-CV-1244, 2022 WL 1748905, at *1 (E.D. Wis. Dec. 7, 2022)).

The defendants point out that in the Seventh Circuit, "[a]nonymous litigation is disfavored and should be permitted only under exceptional circumstances." Dkt. No. 14-1 at 2 (quoting Doe ex rel. Doe v. Elmbrook Sch. Dist., 658 F.3d 710, 722 (7th Cir. 2011), overruled on other grounds by Doe ex rel. Doe v. Elmbrook Sch. Dist., 687 F.3d 840 (7th Cir. 2012)). They observe that "adults seeking to litigate under pseudonyms must rebut 'the presumption that parties' identities are public information . . . by showing that the harm to the party requesting anonymity exceeds the likely harm from concealment." Id. at 2-3 (quoting Perry L., 2022 WL 1748905, at *1). The defendants argue that the "[p]laintiffs have not rebutted the presumption in favor of requiring a litigant's name to be a matter of public record" because they do not explain "what harm, if any, would be caused by litigating this case under their legal names, and how such harm would exceed the likely harm from concealment." Id. at 3.

The plaintiffs filed a reply brief in support of the motion for a protective order and the motion to seal. Dkt. No. 17. They state that they filed the March 22, 2024 motion for a protective order to "protect[ ] G.L.'s mental health by allowing both G.L. and his parents to proceed anonymously in this action." Dkt. No. 17-1 at 1 (citing Elmbrook Sch. Dist., 658 F.3d at 734). They explain that when defense counsel filed their notices of appearance on April 30, 2024, defense counsel did so with unsealed, unredacted notices that "identif[ied] each

3

of the plaintiffs, including the minor, by their complete name." Id. at 2 (citing Dkt. Nos. 7, 8). "[U]pon realizing that Defendants had publicized Plaintiffs' names," the plaintiffs' counsel "called the [clerk's] office . . . to ask that the document disclosing Plaintiffs' names be sealed until the Court could rule on the earlier-filed Motion for Protective Order." Id. Because "[t]he Clerk's office informed plaintiff's [sic] counsel that in order to seal the documents, the ECF system required that she file a motion to seal, . . . Plaintiffs' counsel promptly filed the Motion to Seal." Id. (citing Dkt. No. 10).

The plaintiffs argue that the "Defendants rely on Judge Ludwig's . . . decision in *Perry L. v. Milwaukee Montessori School* for their argument that the adult plaintiffs [sic] names should be made public." Dkt. No. 17-1 at 2. The plaintiffs assert that the defendants "fail[] to acknowledge that, less than three weeks later, Judge Ludwig permitted the *Perry L.* plaintiffs to proceed anonymously for reasons equally applicable . . . [here]: namely, the risk that naming the parents would make the child readily identifiable . . . and the risk of retaliatory reprisal." Id. at 2-3 (citing Perry L., 2022 WL 17485905, at *1).

The plaintiffs assert that "G.L. is currently in treatment for trauma-related mental health conditions stemming from the events that gave rise to this lawsuit," and that "G.L.'s parents are deeply concerned that disclosure of G.L.'s identity will cause stress to G.L. and harm him in his treatment and his overall mental health." Id. at 3 (citing Dkt. No. 17-4). They argue that if G.L.'s parents' names are identified, this will "likely lead to identification of G.L.," given that "G.L.'s name is readily identifiable as a hyphenation of his parents'

4

names" and "his parents' conspicuous status as a gay, married couple . . . makes it easy to identify them and link them to G.L." Id. (citing Dkt. No. 17-4). Finally, the plaintiffs point out that "this lawsuit is based on allegations of anti-LGBTQ bias and retaliation against G.L. for his parents complaining of such bias." Id. Because "G.L. and his family live and work in a community where anti-LGBTQ sentiment is high, . . . the family faces a significant risk of hostility and reprisal in their community if their identities are disclosed." Id. (citing Dkt. No. 17-4). The plaintiffs ask the court to "allow this case to move forward in a manner that thoughtfully and appropriately protects the identity of G.L. and his parents." Id. at 4.

In the Seventh Circuit, "[a]nonymous litigation is disfavored and should be permitted only under exceptional circumstances." Elmbrook Sch. Dist., 658 F.3d at 722. Federal Rule of Civil Procedure 5.2(a) makes an exception for minors—and because G.L. is a minor, he is "entitled to litigate anonymously." E.A. Gardner, 929 F.3d 922, 926 (7th Cir. 2019). But for G.L.'s parents to proceed anonymously via their initials—M.P. and T.L.—they must rebut "the presumption that parties' identities are public information . . . by showing that the harm to the party requesting anonymity exceeds the likely harm from concealment." Elmbrook Sch. Dist., 658 F.3d at 721. Put differently, they must show that their "interest in privacy, supported in the record, outweighs the public's interest in totally transparent judicial proceedings." Id. at 724 (citing Lindsay v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979)).

5

The plaintiffs' reply brief offers several reasons for allowing G.L.'s parents to proceed anonymously via their initials. Dkt. No. 17-1; see also Dkt. Nos. 17-3, 17-4 (supporting affidavits of G.L. parents). First, G.L.'s parents assert that publicly identifying their names would make it easy to identify G.L., given that G.L.'s last name is a hyphenation of their last names, and given their "conspicuous status as a gay, married couple—which is foundational to this lawsuit." Dkt. Nos. 17-1 at 3; 17-3 at ¶4; 17-4 at ¶4. They explain that "G.L. is currently in treatment for trauma-related mental health conditions stemming from the events that gave rise to this lawsuit." Dkt. Nos. 17-1 at 3; 17-3 at ¶2; 17-4 at ¶2. And they explain that given "their knowledge of their child and the advice of his mental health care providers, [they] are deeply concerned that disclosure of G.L.'s identity will cause stress to G.L. and harm him in his treatment and his overall mental health." Dkt. Nos. 17-1 at 3; 17-3 at ¶3; 17-4 at ¶3.

In addition to the potential damage to G.L.'s treatment and mental health, the plaintiffs explain that revealing G.L.'s parents' identities increases the chances that G.L. and his parents could be exposed to anti-LGBTQ-related bias and reprisal. The plaintiffs note that "this lawsuit is based on allegations of anti-LGBTQ bias and retaliation against G.L. for his parents complaining of such bias." Dkt. No. 17-1 at 3. The plaintiffs explain that they "live and work in a community where anti-LGBTQ sentiment is high, and the family faces a significant risk of hostility and reprisal in their community if their identities are disclosed." Dkt. No. 17-1 at 3. G.L.'s parents add in their affidavits that

6

potential reprisal could involve a risk to their current and future employment. Dkt. Nos. 17-3 at ¶¶5-10; 17-4 at ¶¶5-10.

The plaintiffs' reply brief and accompanying affidavits support allowing G.L.'s parents to proceed anonymously in this litigation under their initials, M.P. and T.L. The Seventh Circuit has allowed adults to proceed anonymously under similar circumstances where revealing the parents' names posed a risk of retaliatory treatment and mental harm to their minor children. Elmbrook School District, 687 F.3d at 723-24. This court recently allowed the parents of a minor to proceed anonymously because disclosing the parents' identities would make readily identifiable the identity of the minor, posing a risk of retaliatory mental harm. Perry L. v. Milwaukee Montessori School, No. 22-cv-1244, 2022 U.S. Dist. LEXIS 228402, at *2 (E.D. Wis. Dec. 20, 2022). Because revealing G.L.'s parents' names will make G.L.'s identity readily identifiable, and because that revelation poses significant risks to G.L., as well as his parents, the court finds that the plaintiffs' "interest in privacy, supported in the record, outweighs the public's interest in totally transparent judicial proceedings." Elmbrook Sch. Dist., 687 F.3d at 724.

The court also will grant the plaintiffs' motion to restrict the pleadings as they have requested. The court uses the word "restrict," because "sealing" pleadings means only the court can view them—the parties have no access. The plaintiffs are not asking to prevent everyone but the court from viewing the unredacted pleadings; they ask that the unredacted pleadings be available to

the parties. So the court will order that the unredacted pleadings be "restricted" to viewing by the court and the parties only.

The court **FINDS** that the plaintiffs are entitled to litigate this case anonymously and **GRANTS** their motion for protective order to redact plaintiffs' names. Dkt. No. 2.

The court **ORDERS** that going forward, the parties must file two copies of all pleadings and documents: one copy which is publicly available, and which identifies the plaintiffs only by their initials; and one copy which is available only to the court and the parties which identifies plaintiffs by name.

The court **GRANTS** the plaintiffs' motion to seal, to the extent that it orders that the unredacted pleadings must be **RESTRICTED** to viewing by the court and the parties only. Dkt. No. 10.

The court **ORDERS** that the Clerk of Court must **RESTRICT** all previously filed documents which identify one or more of the plaintiffs by name to viewing by the court and the parties only.[1]

Dated in Milwaukee, Wisconsin this 19th day of August, 2024.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **Chief United States District Judge**

---

[1] Dkt. Nos. 1-1; 3-1; 5; 6; 7; 8; 9; 10-1; 14-1; 15-1; 16; and 17-1. If the plaintiffs believe the court has missed any documents, they may identify those documents and ask the court to restrict them.